```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| **MILTON KEITH PERKINS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01178-SHM-tmp |
| | ) | |
| **CORECIVIC and OLLIE HERRON,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO INSTRUCT PLAINTIFF'S COUNSEL
TO BEGIN COMMUNICATING WITH PLAINTIFF**

Before the Court is Plaintiff Milton Keith Perkins's January 16, 2024 Motion to Instruct Plaintiff's Counsel of Record to Begin Communicating With Plaintiff (the "Motion"). (ECF No. 101.) For the reasons below, Plaintiff's Motion is DENIED. A telephone conference will be scheduled to clarify the status of Plaintiff's representation and his request for relief.

I.   Background

Plaintiff filed his Second Amended Complaint on November 8, 2022, proceeding pro se. (ECF No. 50.) Plaintiff, then incarcerated at the Riverbend Maximum Security Institution ("Riverbend") in Nashville, Tennessee, alleges that Riverbend has denied him medical treatment for a tumor on his temple and for his

progressive loss of vision[1]. (Id.) On June 21, 2022, the Court granted Plaintiff's Motion for Appointment of Counsel. (ECF No. 14.) Jacob Webster Brown entered an appearance on Plaintiff's behalf on February 8, 2023. (ECF No. 76.)

Plaintiff filed the instant Motion on January 16, 2024. (ECF No. 101.) Plaintiff asserts that his last telephone conversation with Brown was in February 2023 and that Plaintiff has sent Brown nine letters that have gone unanswered. (Id. at 3.) Plaintiff's family members have tried to reach Brown, but their telephone calls and text messages have gone unanswered. (Id. at 3-4.)

In November 2023, Plaintiff requested a docket sheet and learned, for the first time, that his case had been transferred to this Court from the Middle District of Tennessee, and that parts of his Second Amended Complaint had been dismissed. (Id. at 3.) Plaintiff represents that he has sent multiple letters to the Clerk of Court seeking a copy of the docket in his case, but has not received any response. (Id. at 4.) Plaintiff has since been released from custody, but at the time he filed this Motion, he represented that he was still being denied proper medical treatment for his vision loss and had recently begun experiencing new health problems related to a lump in his throat. (Id.)

---

[1] Plaintiff was released from custody on May 13, 2024. (ECF No. 110.)

2

Plaintiff asks the Court to order Brown to communicate with him or, if Brown no longer wants to represent Plaintiff, to appoint new counsel. (Id. at 5.)

Sara Katherine McKinney, who works at the same law firm as Brown, entered an appearance on Plaintiff's behalf on May 8, 2024. (ECF Nos. 76, 109.)

## II.  Standard of Review

Plaintiff has filed the instant pro se motion while represented by counsel, and "[c]ounseled parties . . . typically lack any basis to make a pro se filing." Wright v. Louisville Metro Gov., No. 3:21-CV-308-BJB, 2022 WL 586777, at *1 n.1 (W.D. Ky. Feb. 25, 2022); ABN ABRO Mortg. Grp., Inc., v. Smith, No. 1:06-cv-36, 2006 WL 2035542, at *1 (S.D. Ohio Jul. 18, 2006) (collecting cases). Where a counseled litigant files a pro se motion to address counsel's performance, however, courts routinely schedule hearings and conferences to hear from the parties and discuss whether plaintiff seeks to proceed pro se, seek new counsel, or continue with his current attorney. Lotus Indus., LLC v. City of Detroit, No. 2:17-cv-13482, 2020 WL 532396, at *3 (E.D. Mich. Feb. 3, 2020); O'dell v. Hope Network W. Mich./Mich. Educ. Corps., No. 20-cv-11192, 2022 WL 2194660, at *1 (E.D. Mich. June 17, 2022).

There is no right to representation in civil cases and the standards of effectiveness in Strickland v. Washington, 466 U.S.

3

668 (1984) do not apply in the civil context. Keenan v. Parker, 23 Fed. App'x 386, 386-87 (6th Cir. 2001); Williams v. Kayser, 8 Fed. App'x 475 (6th Cir. 2001). The Tennessee Rules of Professional Conduct establish relevant standards for an attorney's performance, and Rule 8(5) requires attorneys to "maintain communication with [their] client[s]."

### III. Analysis

Plaintiff's Motion addresses internal disputes between Plaintiff and his attorneys. The Court will not interfere in Plaintiff's private relationship with counsel.

Although Plaintiff's Motion is not styled a motion to terminate representation, Plaintiff has written that, if Brown is "too busy to fulfill his obligations" to Plaintiff, Plaintiff wants the Court to appoint new counsel. (ECF No. 101 at 5.) Since Plaintiff filed this Motion, a second lawyer from Brown's firm has entered an appearance on Plaintiff's behalf, the parties have held a telephone scheduling conference, and the Court has entered a scheduling order. (ECF Nos. 104, 105, 108, 109.) Counsel's communication with the Court over the past two months suggests that counsel has not abandoned Plaintiff's case. However, the Court finds that a status conference would clarify Plaintiff's request for relief. See, e.g., Lotus Indus., 1010 WL 532396 at *3 (holding a hearing in response to plaintiff's request to terminate counsel); O'dell, 2022 WL 2194660 at *1. Plaintiff's motion asking

4

the Court to instruct counsel to communicate with him is DENIED, but a status conference will be scheduled to clarify any remaining factual issues.

**IV.  Conclusion**

For the foregoing reasons, Plaintiff's Motion is DENIED.  A status conference will be scheduled by setting letter.

SO ORDERED this 5th day of August, 2024.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE